Ray A. GAILES, Plaintiff–Appellant,

v.

FEDERAL EXPRESS CORPORA-
TION, dba Fedex Services, De-
fendant–Appellee.

No. 09–5912.

United States Court of Appeals,
Sixth Circuit.

July 14, 2010.

BEFORE: GRIFFIN and WHITE,
Circuit Judges; and MURPHY, District
Judge.*

---

\* The Honorable Stephen J. Murphy, III, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

1. The district court may not have set forth in
full detail all of Gailes' most pertinent allega-
tions. For example, the district court did not
mention in connection with Gailes' allega-
tions that he was rejected for a lateral posi-
tion that the position description was changed
by a FedEx supervisor sometime after being
informed that Gailes was the most qualified
person for the original position. In addition,
the district court described Gailes as having
admitted that he "ha[d] no personal knowl-
edge" of whether his supervisor disclosed his
back injury to his co-workers, "and only as-
sume[d] she did as it is his contention this
was the only way his coworkers could have
gleaned this information." In fact, Gailes
claimed in his response to the summary judg-
ment motion that he met with his supervisor
directly in June 2004, confronted her about
discussing his medical condition in front of
other employees, and that she apologized;

PER CURIAM.

Plaintiff Ray A. Gailes filed this action
alleging various employment discrimina-
tion and retaliation claims against his em-
ployer, defendant Federal Express Corpo-
ration ("FedEx"). FedEx moved for
summary judgment on all of Gailes's
claims. The district court granted Fe-
dEx's motion and dismissed the action.
Gailes timely appeals.

After carefully reviewing the record be-
low, the parties' briefs, and the arguments
contained therein, we are persuaded that
the district court properly analyzed the
issues in this case and correctly granted
FedEx summary judgment. Rather than
issue a detailed opinion, which would serve
no useful purpose, we adopt the district
court's reasoning set forth in its order
dated July 6, 2009.[1]

AFFIRMED.

this account is consistent with the supervi-
sor's apparent handwritten notes of the same
meeting.

Nevertheless, no additional analysis is nec-
essary. As to Gailes being wrongly denied the
lateral-move position, the district court cor-
rectly observed that no adverse employment
action was taken against Gailes. As to Gailes'
supervisor mentioning his back condition to
his co-workers, even assuming that this infor-
mation is the kind protected from disclosure
under the ADA, Gailes must establish that the
ADA violation caused some sort of tangible
injury. See Harrison v. Benchmark Electronics
Huntsville, Inc., 593 F.3d 1206, 1216–17
(11th Cir.2010) (collecting cases). Except for
a general complaint that all of FedEx's ac-
tions caused him emotional distress, Gailes
has not alleged any injury resulting from the
alleged disclosure of his injury. Compare
Cossette v. Minnesota Power & Light, 188 F.3d
964, 970 (8th Cir.1999) (summary judgment
not appropriate where there was evidence

that disclosure of medical information caused plaintiff's application for another job to be rejected, resulting in money damages) *with Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 520 (3d Cir.2001) ("bare" allegations in complaint of mental and emotional distress not sufficient to survive summary judgment).